UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON T. BLOWERS, SR.,

                          Plaintiff,

                                                                   1:21-CV-1360
     v.                                                  (MAD/DJS)

BRYAN P. NOVAK, *Sergeant of Investigations*,
*et al.*,

                          Defendants.
_____

**APPEARANCES:**

JASON T. BLOWERS, SR.
Plaintiff, *Pro Se*
Northville, New York 12134

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

Plaintiff filed this action on December 20, 2021. Dkt. No. 1. He filed a supplemental letter setting forth additional new facts on January 7, 2022. Dkt. No. 5. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, which the Court has granted. This matter is now before this Court for review of the Complaint under 28 U.S.C. § 1915(e). Also pending is a Motion for Appointment of Counsel. Dkt. No. 6.

- 1 -

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

The Complaint and Plaintiff's supplemental filing outline two specific instances of alleged misconduct. First, are claims related to an allegedly unlawful search of Plaintiff's residence which occurred in December 2016. Dkt. No. 1-1 at p. 4. Plaintiff

alleges that the search was unlawful under the Fourth Amendment because it was conducted without justification. Specifically, Plaintiff alleges that the Jason Blowers about whom Defendants obtained information regarding an alleged role in illegal marijuana growing was actually Plaintiff's son, not him, and that as a result the wrong residence was searched. *Id.* at pp. 3-4. Plaintiff seeks to pursue claims under 42 U.S.C. § 1983 and a state law defamation of character claim related to this search. Compl. at p. 3.

Plaintiff's submissions also assert claims against Frank Schellace, who is alleged to be Plaintiff's landlord. Dkt. No. 1-1 at p. 5. Schellace is alleged to be a resident of the State of New York. Compl. at p. 2. This portion of Plaintiff's claim appears to relate to eviction proceedings commenced by Schellace regarding Plaintiff's alleged non-payment of rent. Dkt. No. 5.

### C. Analysis of the Complaint

The Complaint clearly fails to state a claim as it relates to the 2016 search of Plaintiff's home and must be dismissed. The statute of limitations for a section 1983 action in New York is three years. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). "[A] cause of action under section 1983 accrues 'when the plaintiff knows of or has reason to know of the injury which is the basis of his action.'" *Walker v. Cuomo*, 2012 WL 4490760, at *2 (E.D.N.Y. Sept. 27, 2012) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). Plaintiff clearly was aware of the search and his belief that it was unlawful at the time it happened. Dkt. No. 1-1 at pp. 5-7. This action, commenced five

years later, is clearly untimely.  Plaintiff's defamation claim is also time barred.  Such claims are governed by a one-year statute of limitations in New York.  *Lehman v. Discovery Commc'ns, Inc.*, 332 F. Supp. 2d 534, 537 (E.D.N.Y. 2004); N.Y. C.P.L.R. 215(3)).

"Where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on § 1915(e)(2)(B) review even though the statute of limitations bar is an affirmative defense." *Ajamian v. Zakarian*, 2014 WL 4247784, at *5 n. 4 (N.D.N.Y. Aug. 26, 2014).

Plaintiff also cannot maintain any claim regarding his ongoing eviction proceedings in this Court.  Federal courts are courts of limited jurisdiction.  *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).  Jurisdiction exists when the matter at issue arises "under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  Jurisdiction also exists when diversity of citizenship is present.  28 U.S.C. § 1332.  Because Plaintiff can establish neither basis for jurisdiction here, dismissal is appropriate.

Eviction proceedings do not establish a basis for federal question jurisdiction. "This is because it is well settled that the landlord-tenant relationship is fundamentally a matter of state law, and federal courts lack subject matter jurisdiction over state residential landlord-tenant matters." *Silver v. Campbell*, 2017 WL 4011259, at *5 (N.D.N.Y. Sept.

11, 2017) (internal quotations omitted). Nor is diversity jurisdiction present here. "To have complete diversity, 'each plaintiff's citizenship must be different from the citizenship of each defendant.'" *Johnson v. Glob. Promotion & Pub. Corp.*, 2013 WL 828744, at \*1 (E.D.N.Y. Mar. 6, 2013) (quoting *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009)). Here, there is clearly a lack of complete diversity since Plaintiff and Schellace are both alleged to be residents of New York. Compl. at pp. 1-2. As a result, diversity jurisdiction is lacking. *Butler v. Geico Gen. Ins. Co.*, 2019 WL 330591, at \*3 (N.D.N.Y. Jan. 25, 2019), *report and recommendation adopted*, 2019 WL 652197 (N.D.N.Y. Feb. 15, 2019).

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at \*4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Here, however, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at \*3 (N.D.N.Y. Feb. 25, 2015). Accordingly, the Court recommends that the Complaint be dismissed with prejudice.[2]

---

[2] In light of this recommended disposition, the Motion for Appointment of Counsel is denied since Plaintiff cannot make the required threshold showing that his claims have merit. *Gray v. Amazon*, 2020 WL 8474763, at \*2

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Motion for Appointment of Counsel (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

(N.D.N.Y. Sept. 29, 2020), *report and recommendation adopted sub nom. Gray on behalf of B.G. v. Amazon*, 2021 WL 129051 (N.D.N.Y. Jan. 14, 2021).

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: January 21, 2022
     Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge