UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON T. BLOWERS, SR.,

                              **Plaintiff,**

   vs.                                                   1:21-CV-1360
                                                                    (MAD/DJS)

FULTON COUNTY SHERIFF DEPARTMENT,
RICHARD C. GIARDINO, BRYAN P. NOVAK,
and FRANK SHELLACE,

                              **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**JASON T. BLOWERS, SR.**
150 County Route 152
P.O. Box 1463
Northville, New York 12134
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On December 20, 2021, *pro se* Plaintiff Jason T. Blowers, Sr. commenced this action against Defendants Bryan P. Novak ("Novak"), Richard C. Giardino ("Giardino"), Frank Schellace ("Schellace"), and the Fulton County Sheriff's Department (the "Sheriff's Department"), alleging causes of action for an unlawful search under 42 U.S.C. § 1983 ("Section 1983") and defamation under New York state law. *See* Dkt. No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. *See* Dkt. No. 2. On January 7, 2022, Plaintiff submitted addendum of "New and Additional Facts" asserting an additional state claim. *See* Dkt. No. 5. The claim appears to be related to eviction proceedings commenced by Defendant Shellace against

1

Plaintiff's alleged non-payment of rent. *See id*. at 2-3. Additionally, on January 12, 2022, Plaintiff filed a motion for appointment of counsel. *See* Dkt. No. 6.

In the Report-Recommendation and Order dated January 21, 2022, Magistrate Judge Daniel J. Stewart reviewed the sufficiency of the complaint. *See* Dkt. No. 8. He denied Plaintiff's motion for appointment of counsel, and recommended that the Court dismiss Plaintiff's complaint with prejudice. *See id*. at 7. Additionally, Magistrate Judge Stewart issued an order, granting Plaintiff's *in forma pauperis* request. *See* Dkt. No. 7.

On February 7, 2022, Plaintiff filed objections to the January 21, 2022, Report-Recommendation and Order. *See* Dkt. No. 9. Plaintiff asserts that the complaint should not be dismissed because (1) the Section 1983 claim should be equitably tolled, and (2) the state claim is closely related to the federal claim. *See id.* Additionally, Plaintiff submitted another motion for appointment of counsel. *See* Dkt. No. 10. In the Order dated February 25, 2022, Magistrate Judge Stewart denied Plaintiff's second motion for appointment of counsel. *See* Dkt. No. 11.

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Since Plaintiff is proceeding *pro se*, the Court must review his pleading under a more lenient standard than that applied to a "formal pleading drafted by lawyers." *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect pro se litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that the Court should dismiss Plaintiff's complaint with prejudice. In Section 1983 actions, the applicable statute of limitations is the state's "general or residual statute for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)) (alterations omitted). In New York, a three-year statute of limitations applies for personal injury actions and thus to Section 1983 actions. *See id.*; *see also* N.Y. C.P.L.R. § 214(5). Although state law provides the relevant limitations period, federal law determines when a Section 1983 action accrues, which is the time "when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (citation omitted). Thus, in determining when a particular claim accrues, courts must focus on when a "plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980). Plaintiff knew about the search at the time that it occurred in December of 2016 and was aware of his belief that the search was unlawful. *See* Dkt. No. 1 at 5-7. Plaintiff commenced this action five years after the alleged misconduct took place, which is clearly untimely. However, Plaintiff asserts that the doctrine of equitable tolling is warranted for a Section 1983 claim. *See* Dkt. No. 9 at 3.

To obtain the benefit of equitable tolling, a plaintiff must demonstrate that "'extraordinary circumstances' prevented a party from timely performing a required act, and that the party 'acted with reasonable diligence throughout the period he [sought] to toll.'" *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quotation omitted); *see also Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996) (noting that the Second Circuit has applied equitable tolling doctrine "'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights, or h[as] asserted his rights in the wrong forum'") (quotation omitted). "'The burden of demonstrating the appropriateness of equitable tolling ... lies with the plaintiff,' and courts are 'less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.'" *Avillan v. Potter*, No. 01-CIV-1648, 2002 WL 252479, *3 (S.D.N.Y. Feb. 21, 2002) (quotation and citation omitted); *see also Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) ("The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim 'have ceased to be operational'") (quotation omitted). "To show that extraordinary circumstances 'prevented' him from filing his [complaint] on time, "the plaintiff must show that there was a causal relationship between the extraordinary circumstances claimed and the lateness of the filing. *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001). Causal relationship "'cannot be made if the [plaintiff], acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'" *Id.* (quotation omitted).

In his objection to the Report-Recommendation and Order, Plaintiff asserts that equitable tolling is warranted because (1) on December 19, 2016, Plaintiff "submitted a Freedom of Information Law (FOIL) request to both the Fulton County Sheriff's Department and the New York State Police"; (2) on December 29, 2016, Plaintiff "reached out to Attorney General

4

Schneiderman's office"; (3) on January 8, 2017, Plaintiff "contacted the Commission on Judicial Conduct"; (4) in February 2017, Plaintiff "contacted Judge Vito C. Caruso, District Administrative Judge of New York's 4th district"; (5) on March 30, 2017, Plaintiff's FOIL request was "acknowledged and denied by the Fulton County Sheriff's Department"; (6) on May 2, 2017, Plaintiff's FOIL request was denied by New York State Police (7) on February 18, 2018, Plaintiff "contacted the office of Governor Andrew M. Cuomo"; and (8) on November 22, 2021, Plaintiff "issued another complaint to the Public Integrity Commission of the District Attorney's office." Dkt. No. 9 at 2-3. Even liberally construed, and with due regard to Plaintiff's *pro se* status, the above alleged facts are not sufficient to plausibly suggest that equitable tolling is warranted for Plaintiff's Section 1983 claim. Moreover, nothing in Plaintiff's objections suggests that "rare and exceptional circumstances" prevented Plaintiff from timely performing a required act and that he acted with diligence throughout the period he seeks to toll. Accordingly, Plaintiff's Section 1983 claim is dismissed with prejudice.

Additionally, the Court finds that Magistrate Judge Stewart correctly determined that any state law claims should be dismissed. *See* Dkt. No. 8 at 7. Having dismissed all federal claims, the Court declines to exercise jurisdiction over the state claims which are dismissed without prejudice. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims").

After carefully considering Magistrate Judge Stewart's Report-Recommendation and Order, Plaintiff's objections, and the applicable law, and for the reasons stated herein, the Court herby

5

     **ORDERS** that the Magistrate Judge Stewart's January 21, 2022, Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

     **ORDERS** that Plaintiff's Complaint (Dkt. Nos. 1, 5) is **DISMISSED** without leave to amend; and the Court further

     **ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

     **ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 2 2022
       Albany, New York

_Mae A. D'Agostino_
U.S. District Judge